IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

JULIAN TORREZ,

    Plaintiff,

v.                                                   No. CIV 01-720 BB/WWD

JUAN JULIAN, Sheriff of Valencia County,
in his official and individual capacities,

    Defendant.

## MEMORANDUM OPINION
## AND
## ORDER ON ATTORNEYS' FEES AND EXPENSES

**THIS MATTER** is before the Court on Plaintiff's Motion for Attorneys' Fees and Expenses [doc. 136], and the Court having considered the submissions of counsel and being otherwise duly informed, finds Plaintiff's counsel is entitled to attorneys' fees of $112,397.16 and costs in the amount of $6,068.87.

*Discussion*

I.    *Facts*

Plaintiff, Julian Torrez, filed a complaint against the Defendant on June 22, 2001, alleging violation of 42 U.S.C. § 1983 (Count I) and defamation (Count II). Following discovery, Plaintiff filed a motion for partial summary judgment under

a theory of intentional infliction of emotional distress. Finding no such claim had been asserted or established, this Court denied Plaintiff's motion for partial summary judgment.

Defendant then filed a motion seeking dismissal of Plaintiff's state law defamation claim and a motion for summary judgment on Plaintiff's constitutional claims. Thereafter, Plaintiff filed a second motion for summary judgment on his allegations that his papers and personal property were unlawfully seized in violation of the Fourth Amendment.

On August 8, 2002, this Court denied Plaintiff's second motion for summary judgment and dismissed Plaintiff's defamation claim, except to the extent Plaintiff could show public statements were made to discredit his candidacy for sheriff. The Memorandum Opinion and Order of that date also granted judgment in favor of Defendant on all constitutional claims except the claim that Sheriff Julian deliberately took Plaintiff's duty belt and the First Amendment retaliation claim.

Following a six-day trial, the jury returned a verdict in favor of Plaintiff on his retaliation claim in the amount of $85,500.00, including punitive damages. Plaintiff filed a motion seeking attorneys' fees in the amount of $141,565.58 in attorneys' fees, litigation expense and costs, including gross receipts taxes.

**Defendant responded arguing "Plaintiff's attorneys' fees are unreasonable, excessive and improperly documented on so many levels." Def.'s Resp. at 3. Defendant therefore requests "that the Court should reduce the hourly rate sought and reduce the expended hours by a substantial percentage." *Id*. Plaintiff's reply concedes some of Defendant's points and makes a blanket reduction of 10% but adds a request for fees, "the time spent on the motion for fees itself." Pl.'s Reply at 6. Plaintiff now requests $117,517.77.**

*II.    Legal Standard*

**The starting point for determining reasonable attorneys' fees in a civil rights action is a "lodestar" obtained by multiplying a reasonable hourly rate by the hours reasonably expended. *Ellis v. University of Kansas Medical Center*, 163 F.3d 1186 (10th Cir. 1998); *Iqbal v. Golf Course Superintendents Assn. of America*, 900 F.2d 227 (10th Cir. 1990). This lodestar method subsumes many of the "*Johnson*[1] factors" but they will also be considered. *Blanchard v. Bergeron*, 489 U.S. 87 (1989); *Blum v. Stenson*, 465 U.S. 886 (1984).**

*III.    Hourly Rates*

**The hourly rate is to be calculated according to the prevailing market rate in the relevant legal community for bar members of comparable skill, experience,**

---

[1] *Johnson v. Georgia Highway Express. Inc.*, 488 F.2d 714 (5th Cir. 1974).

and reputation. *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243 (10th Cir. 1998). The prevailing rate is established by affidavits or testimony of local attorneys. *Ellis, supra; Case, supra*. Ms. Best and Mr. Fogel both submitted affidavits indicating their "usual and customary hourly rate is $195 per hour, plus gross receipts tax." Additionally, they submitted an affidavit from Philip B. Davis, a prominent Albuquerque civil rights attorney. Mr. Davis opined:

> I am aware of fee awards by the federal and state courts to New Mexico lawyers with 15 or more years' experience of $200.00 per hour. *See, e.g., Sussman v. Patterson*, 108 F.3d 1206, 1211-12 (10th Cir. 1997); *Sierra v. Garley*, No. CIV 94-678 M (D.N.M., 10/28/96). Numerous fee awards at the rate of $175.00 per hour have been made by the courts in this federal district in past years as well which, when rates awarded therein are adjusted for inflation, yield substantially the same results as the hourly rate Ms. Best and Mr. Fogel seek in this case. *See, e.g., Sanders v. Elephant Butte Irrigation District of New Mexico*, Civ. No. 94-0109 HB (D.N.M., 2/26/96); *Boarman v. Pell*, No. CIV 94-81 JB/LFG (D.N.M., 12/15/95); *Saint v. Portio*, No. CIV 94-115 JB/JC (D.N.M., 11/13/95). ...
>
> The jury verdict in this case demonstrates that plaintiff's counsel achieved an excellent result for their client. That degree of success should be reflected in the hourly rate on which fees awarded to plaintiff's counsel is based.

> **Accordingly, I believe that the requested hourly rate of $195 sought by Ms. Best and Mr. Fogel is fair and reasonable.**

**Pl.'s Mem. Supp., Ex. E:  Aff. Philip B. Davis at 4-5.**

Defendant generally challenges the rates of Plaintiff's counsel through the affidavit of Jeffrey Baker.  Mr. Baker avers he is rated "AV" by Martindale-Hubbell Law Directory and has practiced since 1976.  He points out that neither Ms. Best nor Mr. Fogel has an AV rating from Martindale-Hubbell.  Mr. Baker opines that he "regard[s] an hourly fee of $195 for Ms. Best and $195 for Mr. Fogel to be excessive."  Def.'s Resp., Ex. 1: Aff. Jeffrey L. Baker at 2.  The Court is familiar with the quality of Mr. Baker's legal work and respects his opinion.  Unfortunately, however, Mr. Baker does not provide any data or even an opinion as to what an appropriate rate for similar work in the Albuquerque market would be.

In addition to the expert opinions, the Court may consider other factors in setting an hourly rate.  *Hensley v. Eckerhart*, 461 U.S. 424 (1983); *Salone v. United States*, 645 F.2d 875 (10th Cir. 1981).  These include the so-called "*Johnson* factors":

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of

5

> other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Johnson*, 488 F.2d at 717-19.

The Court is, of course, aware of the second and eighth factors from presiding over the pretrial and trial. While the facts were somewhat unusual, the legal theories were fairly basic and certainly not novel. Plaintiff's counsel demonstrated at least average skill and obtained a very respectable, although not exceptional, verdict. As defense counsel points out, however, the case started out with much broader claims and ambitious goals. Defendant received summary judgment on the majority of Plaintiff's constitutional and defamation claims. The Court also denied Plaintiff's motions for summary judgment, one of which was based on a theory not pled which was therefore frivolous. The limits of Plaintiff's success must therefore be evaluated in setting the lodestar. *Farrar v. Hobby*, 506 U.S. 103 (1992); *Carter v. Sedgwich County*, 929 F.2d 1501 (10th Cir. 1991).

Defendant then argues, "Even assuming Ms. Best's twenty years of civil rights experience qualify her for an hourly rate of $195.00 hour, Mr. Fogel's

litigation record is much more paltry." Def.'s Resp. at 5. Defense counsel also notes:

> While Ms. Best has litigated more than 130 cases since 1989, Mr. Fogel has litigated only "nine (9) cases in the United States District Court since 1990. From 1994 to 2001 Mr. Fogel's name does not appear" in the Database Search for District Courts. Additionally, it appears that only one of the nine cases listed (the instant case) dealt with civil rights. Further, in his dealings with opposing counsel, Mr. Fogel repeatedly stated that he spent the better part of the last decade outside of the practice of law, employed as a golf course professional. ...
>
> The evidence establishes that Ms. Best has more experience in civil rights cases than Mr. Fogel, yet Plaintiff seeks to charge a rate of $195.00 for both Ms. Best and Mr. Fogel.

Def.'s Resp. at 5. Mr. Baker's affidavit also focuses on how many more civil rights cases Ms. Best has been involved in compared to Mr. Fogel, and concludes: "It is incongruous for Ms. Best and Mr. Fogel to be compensated at the same hourly rate ...." *Ibid.*

Although the Court recognizes Defendant's argument that Mr. Fogel has less experience in civil rights matters than Ms. Best, he appears to have more trial experience and seemed to be lead counsel throughout much of the trial. The Court therefore finds no basis for differentiating fees for Plaintiff's counsel based exclusively on their civil rights experience. *Vant Hul v. City of Dell Rapids*, 465

7

F. Supp. 1231 (D.S.D. 1979). Considering the affidavits submitted as well as those *Johnson* factors that are applicable to the present record, *Uselton v. Commercial Lovelace Motor Freight, Inc.*, 9 F.3d 853 (10th Cir. 1993), the Court finds Ms. Best and Mr. Fogel should both be compensated at $180.00 per hour.

Plaintiff also used an associate, Gail Heglund, and a Michigan attorney, Janet Tooley, for legal research. Plaintiff bills Ms. Heglund at $150.00 per hour. All that is provided as to Ms. Heglund's resume is a statement alleging "her seven years of intense federal civil rights litigation." Pl.'s Reply at 3. This appears virtually identical to the current level of experience of the attorneys in *Murtagh v. Board of County Comm'rs of Bernalillo County*, No. CIV 00-1679 BB (D.N.M. 2002). Without any further evidence, the Court will follow *Murtagh* and award compensation for Ms. Heglund's time at $130.00 per hour.

Ms. Tooley worked for the Michigan Appellate Defender Office from 1974 to 1980, while she also taught appellate advocacy at the University of Michigan Law School. Thereafter, she was in private practice in Michigan for twenty years. Based on her substantial experience, her legal research rate of $75.00 per hour is exceptionally reasonable.

## IV.   Hours Billed

### A.   Billing Judgment

Defendant contends "[c]ounsel for Plaintiff has failed to establish that they exercised billing judgment."  Def.'s Resp. at 8.  Defendant supports this by arguing this is "evidenced by the time records submitted by Plaintiff, which indicate that Plaintiff's attorneys billed for every single hour they logged." *Ibid.* at 9.  While the Court finds some imperfections in the accounting practices of Plaintiff's counsel, this does not justify "the substantial percentage reduction in the hours for which Plaintiff seeks reimbursement."  *Id.; see Zabkowicz v. West Bend Co., Div. of Dart Indus., Inc.*, 789 F.2d 540 (7th Cir. 1986); *Johnson v. University College of Univ. of Ala. in Birmingham*, 706 F.2d 1205 (11th Cir. 1983). Moreover, Plaintiff's counsel have now reduced their fees by a blanket 10%.

### B.   Sloppy and Imprecise Billing

Defense counsel next challenges Plaintiff's records as "sloppy, imprecise and unintelligible."  (Def.'s Resp. at 9).  This is founded upon the contention "the time records wholly fail to identify which attorney performed the work, ... do not itemize the time spent on various activities on a particular day and instead consist of block billing."  Def.'s Resp. at 10.  As discussed herein, the Court finds that while some of the entries of Plaintiff's counsel are duplicative and a few

9

**unjustified, overall they provide sufficient detail for the Court to make rational decisions.** *See Cadena v. Pacesetter Corp.*, **224 F.3d 1203, 1215 (10th Cir. 2000);** *Stokes v. City of Montgomery, Ala.*, **706 F. Supp. 811 (M.D. Ala. 1988),** *aff'd*, **891 F.2d 905 (11th Cir. 1989). Moreover, as noted, Plaintiff concedes a 10% reduction for "block and imprecise billing." This appears more than adequate to cover any deficiences.**

  **C. <u>Duplicative Entries</u>**

  **It does appear that both Plaintiff's counsel and a paralegal billed for some of the same tasks. While the use of a paralegal is often more efficient, billing multiple personnel for performing the same task is not usually appropriate.** *Luciano v. Olsten Corp.*, **925 F. Supp. 956 (E.D.N.Y. 1996),** *aff'd*, **109 F.3d 111 (2d Cir. 1997);** *Martin v. Cavalier Hotel Corp.*, **48 F.3d 1343 (4th Cir. 1995). The Court finds the attorney time in some of these instances to be duplicative, to wit: review endorsed IPTR and calendar deadlines; review notice of trial and calendar deadlines; review orders from judge and calendar deadlines. Therefore, 1.7 hours of the attorneys' time will be deducted.**

**D.     Lack of Sufficient Detail**

Defendant next challenges numerous time entries as "not sufficiently detailed to allow the Court to evaluate the reasonableness of time expended and the nature and need for services performed." Def.'s Resp. at 12. Defendant also objects to various "communications" billed at .1 and .2. The Court disagrees and finds the billing is legally sufficient, recognizing that "in the nature of things, lawyers' time records can never be fully accurate and complete." *Stastny v. Southern Bell Tel. & Tel. Co.*, 458 F. Supp. 314, 319 (W.D.N.C. 1978), *aff'd in part*, 628 F.2d 267 (4th Cir. 1980). The communications which Defendant challenges, even *in toto,* are *de minimis* and lawyers cannot be expected to detail the purpose of each .1 hour phone call. The designation of "Trial Prep" given the dates immediately preceding trial in November 2002 is sufficient.

Defendant also challenges eight "conferences" with no detail as to the subject matter discussed. The Court agrees this falls below the standard. *Case*, 157 F.3d at 1253. The Court will deduct 3.5 hours of attorney "conference" time for 3/3, 8/16, 10/30, and 11/8, all in 2002. The Court will also strike Plaintiff's billings for unspecified "research" for 8.5 hours on 5/13 and 4.2 hours on 10/14/02. The Court will also deduct .2 for drafting a letter to the Albuquerque Journal. Publicizing the trial or its result is not billable. *See Greater Los Angeles*

*Council on Deafness v. Community Television of Southern California*, 813 F.2d 217, 221 (9th Cir. 1987).

Plaintiff concedes the attorney and paralegal time spent filling out time records is not compensable and has adjusted counsel's fees accordingly. Plaintiff also agrees to deduct paralegal time spent on office overhead items. Plaintiff further agrees to drop his claim for all the time spent on his motion for summary judgment. Counsel do, however, now seek compensation for the time on litigating fee issues. Reasonable fees for time spent establishing or defending attorneys' fees is the standard and it is approved. *See Case, supra; Iqbal, supra; Love v. Mayor, City of Cheyenne, Wyo.*, 620 F.2d 235 (10th Cir. 1980).

Defendant objects without legal authority to Plaintiff receiving an amount to cover the gross receipts tax required on attorneys' fees by the State of New Mexico. Although very few states charge sales tax on attorney's fees, there is no conceptual reason why an award of the required sales tax on attorneys' fees is legally inappropriate. *See Herrera v. First Northern Savings & Loan Assn.*, 805 F.2d 896, 902 n. 3 (10th Cir. 1986); *Brewer v. Southern Union Co.*, 607 F. Supp. 1511, 1537 (D. Colo. 1984); *Holmberg v. Bowen*, 687 F. Supp. 1370 (D.S.D. 1988); *Waller v. Baxley*, 565 So. 2d 808 (Fla. App. 1990). It therefore has been the standard practice in this jurisdiction to award gross receipts tax on judgments

generally. *See O'Neal v. Ferguson Constr. Co.*, 35 F. Supp. 2d 832 (D.N.M. 1999); *Bustamante v. Albuquerque Police Dept.*, 1991 WL 125307 (D.N.M.); *Amos v. Gilbert Western Corp.*, 711 P.2d 908 (N.M. App. 1985); *Hertz v. Hertz*, 657 P.2d 1169 (N.M. 1983). At least one federal court has recently also awarded uncontested sales tax on attorney's fees in a civil rights action. *Emery v. Hunt*, 236 F. Supp. 2d 1033 (D.S.D. 2002). The tax will be allowed.

Based on the foregoing discussion, the Court will award attorneys' fees as follows:

| | |
|---|---|
| Gail Heglund:  14.8 hours @ $130.00 per hour | $1,924.00 |
| Pat Fogel:  449 hours @ $180.00 per hour | $80,820.00 |
| Hannah Best:  130.6 hours @ $180.00 per hour | $23,508.00 |
| Paralegal:  108.2 hours @ $50.00 per hour | $5,541.00 |
| Janet Tooley:  7 hours @ $75.00 per hour | $525.00 |
| Less 10% | -    $11,213.80 |
| Work on fee petition | $5,118.75 |
| Gross receipts tax (5.8125%) | $6,282.40 |
| **TOTAL FEES AWARDED** | **$112,397.16** |

**Plaintiff's counsel should prepare an amended judgment reflecting this award.**

**Dated at Albuquerque this 11th day of March, 2003.**

                                                                                    *[signature]*
                                                                                    **BRUCE D. BLACK**
                                                                                    **United States District Judge**

**For Plaintiff:**

        **Hannah B. Best, Patrick L. Fogel, HANNAH BEST & ASSOC., Albuquerque, NM**

**For Defendant:**

        **Sean Olivas, Melanie L. Frassanito, KELEHER & MCLEOD, Albuquerque, NM**